UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------- x
In re:                                                     :   Chapter 7
                                                           :
ROBERT CAPALA,                                             :   Case No. 15-42762 (NHL)
                                                           :
           Debtor.                                         :
---------------------------------------------------------- x
                                                           :
In re:                                                     :
                                                           :   Chapter 7
PAWEL CAPALA,                                              :
                                                           :   Case No. 15-42763 (NHL)
           Debtor.                                         :
---------------------------------------------------------- x

**ORDER APPROVING JOINT PROSECUTION AGREEMENT AND GRANTING RELIEF FROM THE AUTOMATIC STAY PURSUANT TO SECTIONS 105 AND 362 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019**

Upon the motion (the "Motion")[1] of John S. Pereira (the "Pawel Capala Trustee"), as the chapter 7 trustee for the estate of Pawel Capala, and Debra Kramer (the "Robert Capala Trustee"; together with the Pawel Capala Trustee, the "Trustees"), as the chapter 7 trustee for the estate of Robert Capala (together with Pawel Capala, the "Debtors"), for entry of an Order pursuant to sections 105(a) and 362(d) of title 11 of the United States Code, 11 U.S.C. § 101, *et. seq.* (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), approving that certain Joint Prosecution Agreement dated as of July 29, 2016 (the "Joint Prosecution Agreement") by and between the Pawel Capala Trustee, the Robert Capala Trustee, and Robert Wisniewski, individually and as counsel for Miroslaw Gortat, Henryk Bienkowski, Miroslaw Filipkowski, Artur Lapinski, Jan Swaltek, Artut Kosiorek and Henryk Stoklosa (the "Class Action Plaintiffs"); and it appearing to the Court that it has jurisdiction over the matters

---
[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and proper notice of the Motion having been given; and no objections having been filed to the Motion; and the Court having found that the Joint Prosecution Agreement reflects a reasonable exercise of each of the Trustees' business judgment and is in the best interests of each of the Debtors' estates;

**IT IS HEREBY ORDERED** that:

1. The relief sought in the Motion is granted as set forth herein;

2. The Pawel Capala Trustee is hereby authorized to enter into the Joint Prosecution Agreement, a copy of which is attached to the Motion as Exhibit A;

3. The Robert Capala Trustee is hereby authorized to enter into the Joint Prosecution Agreement, a copy of which is attached to the Motion as Exhibit A;

4. The terms of the Agreement are approved;

5. To the extent applicable, the automatic stay imposed by section 362(a) of the Bankruptcy Code is hereby modified to allow the Parties to proceed with the District Court Motion to Avoid Transfers;

6. To the extent applicable, the automatic stay imposed by section 362(a) of the Bankruptcy Code is hereby modified with respect to the appeal of the Fees Judgment heard and substantially affirmed by the United States Court of Appeals for the Second Circuit, pursuant to the Fees Judgment Appeal Order dated July 29, 2015;

7. To the extent applicable, the reference of the captioned bankruptcy proceedings to the Bankruptcy Court is withdrawn, but solely for the purpose of, and to the extent necessary to permit the District Court Motion to Avoid Transfers to proceed, and to permit the Trustees to commence and proceed with any of the Joint Fraudulent Conveyance Litigation in the District Court;

8. To the extent that any of the Trustees seeks to settle or compromise any of the Pawl Capala Fraudulent Transfer Claims, or the Robert Capala Fraudulent Transfer Claims, respectively, any motion to approve such settlement or compromise under Bankruptcy Rule 9019 shall be heard by the Bankruptcy Court;

9. The Fees Judgment Appeal Order shall be deemed valid and fully enforceable, as if relief from the automatic stay was obtained prior to the entry of the Fees Judgment Appeal Order;

10. The Court will retain jurisdiction to consider any disputes or other issues that may arise relating to this Order and/or the Agreement;

11. The Pawel Capala Trustee and the Robert Capala Trustee are each hereby authorized and empowered to take such actions as may be necessary and appropriate to implement the terms of the Agreement and this Order; and

12. This Order shall be effective immediately upon entry by the Court.

**SO ORDERED:**



Dated: October 6, 2016  
Brooklyn, New York

/s/ Nancy Hershey Lord  
Nancy Hershey Lord  
United States Bankruptcy Judge